Pérez et al., Demandantes y Apelados, *v.* Arrieta et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre impugnación de elección.

No. 2445.—Resuelto en mayo 13, 1921.

Impugnación de Elecciones—Transcripción en Casos de Impugnación Electoral—Desestimación de Apelación.—La sección 11 de la Ley de marzo 7, 1906, sobre impugnación de elecciones no puede interpretarse en el sentido de obligar al apelante a incluir en la transcripción todos los documentos referentes a dichos procedimientos, por innecesarios que sean para la apela-

ción; por lo que no procede desestimar la apelación de una sentencia dictada en pleito sobre impugnación de elecciones por el hecho de que el apelante dejare de incluir en la transcripción documentos que no son esenciales para la apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Feliú.*

Abogados de los apelados: *Sres. C. Coll Cuchí y G. Cruzado Silva.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Los impugnados interponen recurso de apelación contra una sentencia dictada sobre las alegaciones en un caso de impugnación de elección y los impugnadores solicitan que se desestime la apelación por el fundamento de que la transcripción de autos no contiene "todos los procedimientos habidos en la impugnación o contienda."

Los autos están formados por una notificación de haberse radicado una demanda enmendada con la aceptación de la copia de tal notificación y también de la demanda enmendada a que en ella se hace referencia; una moción en la que se expresa el hecho de enmendar la demanda de acuerdo con el artículo 139 del Código de Enjuiciamiento Civil, en la cual se indica que la demanda enmendada que a ese efecto se acompaña a la moción no varía en el fondo la acción ejercitada originalmente de donde aparece que ha sido notificada la parte contraria, con súplica de que la corte se sirva tenerla por presentada en sustitución de la demanda original; la demanda enmendada con el juramento, aceptación de la notificación y nota de radicación del secretario; una excepción previa a la demanda enmendada por el fundamento de que la misma no aduce hechos suficientes para constituir una causa de acción, con aceptación de la notificación de su copia y nota de radicación del secretario; una moción para eliminar ciertas partes de la demanda enmendada de donde aparece la aceptación de su notificación y la nota de radicación

del secretario; una solicitud de inclusión en calendario especial y para que se señale la vista tanto de la excepción previa como de la moción para eliminar a que hemos hecho referencia con aceptación de la notificación y nota de radicación del secretario; una notificación de haberse radicado una moción para que se dicte sentencia sobre las alegaciones con la aceptación de su copia y de la copia de tal moción; la moción para que se dicte sentencia sobre las alegaciones con su nota de radicación; la sentencia dictada de acuerdo con la misma en unión de la opinión en que dicha sentencia se fundó; un escrito de apelación contra dicha sentencia con la aceptación de su notificación y nota de radicación; una moción para fijar la fianza de la apelación según lo dispuesto en la sección 11 de la ley que rige el procedimiento; una orden fijando la cuantía de dicha fianza; la fianza en apelación aprobada por el juez sentenciador y un *affidavit* de la notificación a los impugnadores del escrito de apelación hecha por correo.

El secretario de la corte de distrito certifica que la transcripción que antecede "es una transcripción fiel y exacta de los documentos originales que obran en el expediente de este caso."

La sección 11 de la ley de marzo 7, 1906, que provee el procedimiento para impugnar la elección de funcionarios, fué citada en su totalidad en la opinión emitida en marzo 29 último en el caso de *Candal v. Vargas* y no es necesario reproducirla aquí. Dicha sección prescribe que podrá apelarse para ante este tribunal dentro del término improrrogable de diez días de pronunciada la sentencia definitiva, y ordena expresamente que tal apelación "se efectuará de acuerdo con el reglamento prescrito para las apelaciones en asuntos civiles." El *disponiéndose* de esa sección impone la obligación al apelante de presentar en este tribunal "una transcripción de todos los procedimientos habidos en la contienda o impugnación, certificada por el secretario del tribunal sentenciador,

o por los abogados de todas las partes en dicha contienda,''
y autoriza la confirmación de la sentencia si no se presentare
tal transcripción y mediante la debida justificación por el
apelado. Los apelados en este caso, sin embargo, no solici-
tan la confirmación de la sentencia por dejarse de presentar
la transcripción, ni invocan tampoco la regla 55 de este tri-
bunal de acuerdo con la cual podrían solicitar que los autos
fueran corregidos, sino que piden que se desestime la ape-
lación por el sólo fundamento de que ciertos documentos ra-
dicados en la corte inferior no fueron incluídos en la trans-
cripción.

Se cita a Hayne, sobre Nuevo Juicio y Apelación, tomo 2,
sección 265, para sostener la moción. En el segundo párrafo
de esa sección se discute la proposición general de que ''la
transcripción debe contener todos los documentos que cons-
tituyen los autos en apelación,'' pero como allí se indica—

''Lo que aquí se dice respecto a la necesidad de unos autos com-
pletos en apelación tiene aplicación a todo lo que sea importante o
esencial para la consideración de tal apelación. La sección 950 del
Código de Enjuiciamiento Civil dispone que 'si el apelante deja de
presentar los documentos necesarios, la apelación puede ser desesti-
mada.' En el caso de *Paige* v. *Reeding,* el Tribunal Supremo dijo
lo siguiente:

'' 'Esta facultad para desestimar podría ejercitarse debidamente
en casos extremos; pero ocurre frecuentemente que todo lo del legajo
de la sentencia no es ''necesario'' para la completa resolución de una
apelación. Y sería injusto desestimar una apelación meramente por-
que alguna parte del legajo quizás hubiera sido omitida inadvertida-
mente en la transcripción. Si la omisión se considera esencial por
el apelado él puede fácilmente remediar el supuesto defecto sugi-
riendo una corrección de autos.' ''

No hay nada que aparezca de la faz de la transcripción
radicada en este caso que indique que no es una copia com-
pleta de todos los autos de la corte inferior desde y después
de la fecha de la radicación de la demanda enmendada. Ni
tampoco sugiere el certificado del secretario la omisión de

algo que debió haber sido incluído. Para los fines de esta opinión puede admitirse que la forma de este certificado deja mucho que desear y que el mismo podría considerarse como insuficiente de no haber sido adicionado con la prueba afirmativa de los apelados en cuanto a la naturaleza y alcance de las omisiones alegadas.

Los documentos omitidos, todos los cuales menos los dos alegatos (Nos. 14 y 15) aparentemente son de fecha anterior a la demanda enmendada, o por lo menos se refieren a cuestiones preliminares e incidentales que en nada se relacionan con ninguna cuestión que hubiera podido ser promovida en esta apelación, se enumeran en el certificado radicado por los apelados, a saber:

(1) Una demanda original de impugnación de elección radicada por los demandantes.

(2) Un escrito de notificación dirigido a todos y cada uno de los demandados anunciándoles la determinación de los demandantes a impugnar las elecciones que determinaron el triunfo de los mismos.

(3) Una declaración jurada de don Jesús J. Vergne sobre haber notificado a los demandados de la intención de los demandantes a impugnar la elección.

(4) Una solicitud dirigida por los demandados al secretario de la corte pidiendo que éste fije la fianza que dispone la sección 5 de la Ley sobre Impugnación de Elección.

(5) Una comunicación del secretario de la corte de distrito dirigida al Ldo. Don Leopoldo Feliú sobre haber la corte fijado dicha fianza en $2,500.

(6) Una certificación negativa del Sub-Tesorero de Puerto Rico sobre que Oscar Nevares López no figura como contribuyente en el municipio de Toa Baja.

(7) Otra certificación del mismo tenor en cuanto a José Arrieta Ríos.

(8) Una moción de los demandantes impugnando la fianza

prestada por los demandados de acuerdo con la predicha sección 5 de la Ley sobre Impugnación de Elección.

(9) Una moción de los demandados sobre que la corte carece de jurisdicción para resolver la suficiencia de la solvencia de los fiadores que suscribieron la predicha fianza a favor de los demandantes.

(10) Una solicitud de inclusión en calendario especial para discusión de la predicha moción de impugnación de fianza.

(11). Resolución de la corte sobre la fianza impugnada y dando un plazo de diez días a los demandantes para impugnar la nueva fianza.

(12) Moción sobre impugnación de la nueva fianza.

(13) Una solicitud de inclusión en calendario especial de otra moción de impugnación de la nueva fianza.

(14) Alegato de los impugnadores sobre la moción para eliminar ciertos particulares de la demanda y sobre la excepción previa.

(15) Alegato de los demandados en apoyo de la excepción previa a la demanda enmendada y sobre la moción de eliminación.

Estos documentos, alegan los apelantes, y como ya se ha indicado aparecen de la faz de la relación, nada tienen que ver con ninguna cuestión envuelta o que se haya tratado de levantar en esta apelación y los apelados han admitido esto implícitamente. La demanda original fué sustituída por la enmendada, en tanto se refiere a cualquier cuestión envuelta en este caso, aunque puede admitirse que quedó como parte de los autos para ciertos fines, como por ejemplo, para acreditar la fecha en que la acción fué establecida y en un caso adecuado podría haber sido presentada por los apelantes en primera instancia, o por indicación de los apelados para completar los autos.

Algunos de los otros documentos tales como la resolución de la corte sobre la suficiencia de la fianza (No. 11, *supra*) y los documentos en los cuales se basó dicha resolución (Nos.

4 al 10, inclusive), si el apelante hubiera querido revisar esa resolución, podrían haberse relacionado en la solicitud (*praecipe*) para una transcripción, en cuyo caso hubiera debido incluirlos el secretario por virtud de lo preceptuado en el artículo 213 del Código de Enjuiciamiento Civil. Pero a falta de tal solicitud, ninguno de los documentos en cuestión podía haber sido considerado como parte del legajo de la sentencia como se prescribe en el artículo 233, o de los autos en apelación a que se refiere el artículo 299 del Código de Enjuiciamiento Civil. El dejar de incluirlos sólo podría perjudicar a los apelantes en todo caso, y si "las mismas reglas y reglamentos como las que regulan las apelaciones en casos civiles" han de regular la cuestión, entonces quedaron debidamente excluídos.

La referencia a "una transcripción de todos los procedimientos habidos en la contienda o impugnación" en el artículo 11 de la Ley de 1906, *supra,* debe interpretarse en relación con el contexto, incluyendo la deliberada adopción de las reglas generales y reglamentos que regulan las apelaciones en casos civiles, y no podemos creer que la Legislatura tuvo la intención de imponer al apelante la obligación innecesaria y el gasto de sobrecargar los autos con *affidavits,* alegatos, documentos y materia redundante de cualquier clase, los cuales de acuerdo con tales reglas y reglamentos no era posible que fuesen considerados como que constituyen parte de los autos en apelación en una acción civil ordinaria.

La moción debe ser desestimada.

> *Declarada sin lugar la moción de los apelados solicitando la desestimación del recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.